**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

State Farm Fire and Casualty Company,

Plaintiff,

vs.

Weis Builders, Inc., Hurley Construction, Inc., and Main and Main, LLC,

Defendants.

Case No. 0:20-cv-00733-SRN-ECW

**MAIN AND MAIN, LLC ANSWER AND COUNTERCLAIM**

---

Defendant Main and Main, LLC ("Main and Main"), for its Answer to Plaintiff State Farm Fire and Casualty Company's ("State Farm") Complaint, states and alleges as follows:

Main and Main denies each and every allegation of State Farm's Complaint except as expressly noted herein.

1. Paragraph 1 of the Complaint is an introductory statement to which no affirmative response is required. To the extent an affirmative response is required, Main and Main states the Complaint speaks for itself and denies any inconsistent characterization of the same.

2. With respect to the allegations in Paragraph 2 of the Complaint, Main and Main admits upon information and belief that State Farm is an insurance company incorporated in and with a principal place of business in Illinois. Main and Main is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. With respect to the allegations in Paragraph 3 of the Complaint, Main and Main admits upon information and belief that Hurley Construction, Inc. ("Hurley") is an inactive Minnesota corporation with a principal place of business in Minnesota. With respect to the remaining allegations in Paragraph 3 of the Complaint, Main and Main states the Policy attached as Exhibit A to the Complaint speaks for itself and denies any inconsistent characterization of the same.

4. With respect to the allegations in Paragraph 4 of the Complaint, Main and Main admits upon information and belief that Weis Builders, Inc. ("Weis") is Minnesota corporation with a principal place of business in Minnesota. With respect to the remaining allegations in Paragraph 4 of the Complaint, Main and Main states the Policy attached as Exhibit A to the Complaint speaks for itself and denies any inconsistent characterization of the same.

5. Main and Main admits the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint is a jurisdictional statement to which no affirmative response is required. To the extent an affirmative response is required, Main and Main states the Complaint speaks for itself and denies any inconsistent characterization of the same.

7. Paragraph 7 of the Complaint is a venue statement to which no affirmative response is required. To the extent an affirmative response is required, Main and Main states the Complaint speaks for itself and denies any inconsistencies with the same.

8. With respect to the allegations in Paragraph 8 of the Complaint, Main and Main admits it commenced an underlying action against Hurley in the Circuit Court of

South Dakota Second Judicial District. Answering further, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

9. With respect to the allegations in Paragraph 9 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

10. With respect to the allegations in Paragraph 10 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

11. With respect to the allegations in Paragraph 11 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

12. With respect to the allegations in Paragraph 12 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

13. With respect to the allegations in Paragraph 13 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

14. With respect to the allegations in Paragraph 14 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

15. With respect to the allegations in Paragraph 15 of the Complaint, Main and Main states the NOHR report, attached as Exhibit B to the Underlying Complaint, speaks for itself and denies any inconsistent characterization of the same.

16. With respect to the allegations in Paragraph 16 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same. Answering further, footnote 1 referenced within Paragraph 16 of the Complaint simply sets forth State Farm's understanding of the allegations in the Underlying Complaint, to which no affirmative response is required. To the extent an affirmative response is required, Main and Main denies the same.

17. With respect to the allegations in Paragraph 17 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

18. With respect to the allegations in Paragraph 18 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

19. With respect to the allegations in Paragraph 19 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

20. With respect to the allegations in Paragraph 20 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

21. With respect to the allegations in Paragraph 21 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

22. With respect to the allegations in Paragraph 22 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

23. With respect to the allegations in Paragraph 23 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

24. With respect to the allegations in Paragraph 24 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same.

25. Main and Main admits upon information and belief the allegations set forth in Paragraph 25 of the Complaint.

26. With respect to the allegations in Paragraph 26 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

27. The allegations in Paragraph 27 of the Complaint pertaining to State Farm's coverage obligations call for a legal conclusion to which no affirmative response is required. To the extent an affirmative response is required, Main and Main denies the same and affirmatively states the Policy provides coverage to Hurley and Weis. With respect to

the remaining allegations in Paragraph 27 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

28. With respect to the allegations in Paragraph 28 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

29. With respect to the allegations in Paragraph 29 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

30. With respect to the allegations in Paragraph 30 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

31. With respect to the allegations in Paragraph 31 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

32. With respect to the allegations in Paragraph 32 of the Complaint, Main and Main admits that Weis and Hurley entered into two subcontract agreements. With respect to the remaining allegations in Paragraph 32 of the Complaint, Main and Main states the Subcontract Agreements speak for themselves and denies any inconsistent characterization of the same.

33. Main and Main is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and therefore demands strict proof thereof.

34. Main and Main is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint and therefore demands strict proof thereof.

35. Main and Main admits the allegations in Paragraph 35 of the Complaint.

36. Main and Main admits the allegations in Paragraph 36 of the Complaint.

37. Main and Main is without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies the same. Answering further, Main and Main denies that the siding installation was performed properly.

38. With respect to the allegations in Paragraph 38 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same. Answering further, the Policy also provides coverage for personal and advertising injury and is not limited to just bodily injury or property damage.

39. With respect to the allegations in Paragraph 39 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

40. Main and Main denies the allegations of Paragraph 40. Answering further, Main and Main denies that the siding installation was performed properly.

41. The allegations in Paragraph 41 of the Complaint pertaining to whether an "accident" occurred call for a legal conclusion to which no affirmative response is required. To the extent an affirmative response is required, Main and Main denies the same and affirmatively states an accident occurred resulting in damage to the hotels. With respect to

the remaining allegations in Paragraph 41 of the Complaint, Main and Main states the Underlying Complaint, subject to further amendment, speaks for itself and denies any inconsistent characterization of the same. Answering further, footnote 2 referenced within Paragraph 41 of the Complaint simply cites to case law on declaratory judgment actions, to which no affirmative response is required. To the extent an affirmative response is required, Main and Main states the cited case speaks for itself and denies any inconsistent characterization of the same.

42. Main and Main denies the allegations in Paragraph 42 of the Complaint.

43. With respect to the allegations in Paragraph 43 of the Complaint, Main and Main states the Damage to Your Work exclusion in the Policy speaks for itself and denies any inconsistent characterization of the same. Answering further, Main and Main denies that the Damage to Your Work exclusion bars coverage.

44. With respect to the allegations in Paragraph 44 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

45. With respect to the allegations in Paragraph 45 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

46. With respect to the allegations in Paragraph 46 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

47. With respect to the allegations in Paragraph 47 of the Complaint, Main and Main states the Policy speaks for itself and denies any inconsistent characterization of the same.

48. Main and Main denies the allegations of Paragraph 48. Answering further, State Farm's assessment that facts need to be "definitively established" is incorrect for many reasons including, without limitation, that it: (a) recites an incorrect legal conclusion regarding the burdens of proof, which only require a preponderance; and (b) implies that State Farm is the only party who decides the facts in this matter, which is inaccurate as State Farm is a party, not the fact finder. Answering further, Main and Main is informed and believes that one or more subcontractors of Hurley installed the siding on the Hotels.

49. Paragraph 49 calls for a legal conclusion to which no affirmative response is required. To the extent an affirmative response is required, Main and Main denies the same. Footnote 3 referenced within Paragraph 49 of the Complaint simply cites to Footnote 2, to which no affirmative response is required. To the extent an affirmative response is required, Main and Main responds consistently with its response to Footnote 2.

50. Paragraph 50 calls for a legal conclusion to which no affirmative response is required. To the extent an affirmative response is required, Main and Main denies the same.

51. Paragraph 51 of the Complaint is merely a summary of prior allegations to which no affirmative response is required. To the extent an affirmative response is required, Main and Main responds to the allegations consistent with the above.

52. Paragraph 52 of the Complaint is a statement of State Farm's requested relief, to which no affirmative response is required. To the extent an affirmative response is required, Main and Main denies the same.

53. Main and Main denies the allegations in Paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

Main and Main alleges the following affirmative defenses:

1. State Farm's Complaint may be barred for failure to state a claim upon which relief can be granted.

2. State Farm's Complaint may be barred by the applicable statute of limitations and/or statute of repose.

3. State Farm's Complaint may be barred by the doctrines of release, waiver, mistake, accord and satisfaction, estoppel, lack of consideration, unclean hands, and laches.

4. State Farm's Complaint may be barred by its failure to mitigate its claimed damages, if any such damages even exist.

5. State Farm's Complaint may be barred as a result of its own breach of contract.

6. State Farm's Complaint may be barred by the acts of others over whom Main and Main had no control.

7. State Farm's Complaint may be barred because the State Farm Policy affords coverage for Main and Main's claims in whole or in part for the reasons set forth in Main and Main's counterclaim.

8. State Farm's Complaint may be barred in whole or in part by the failure of a condition precedent.

9. State Farm's Complaint may be barred in whole or part by the doctrines of setoff, offset, and recoupment.

10. State Farm's Complaint may be barred by other affirmative defenses and Main and Main reserves the right to identify and plead other affirmative defenses after conducting a reasonable investigation under the Federal Rules of Civil Procedure.

## COUNTERCLAIM

1. Main and Main, LLC ("Main and Main") is a South Dakota limited liability company with its principal place of business in Sioux Falls, South Dakota.

2. Weis Builders, Inc. ("Weis") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

3. Hurley Construction, Inc. ("Hurley") is an inactive Minnesota corporation with its principal place of business in Eagan, Minnesota.

4. Upon information and belief, State Farm Fire and Casualty Company ("State Farm") is an insurance company that maintains its principal place of business in Illinois.

### Background

5. Main and Main is the owner of property located at 4300 Empire Place, Sioux Falls, South Dakota consisting of two hotels commonly known as the Courtyard by Marriott and Springhill Suites (the "Hotels").

6. Main and Main entered into a contract with Weis to be the general contractor for the construction of the Hotels on or about May 23, 2007 (the "Contract").

7. Weis, in turn, contracted with Hurley to be the siding contractor for the Hotels pursuant to two separate contracts. On or about September 18, 2007, Weis and Hurley entered into the first subcontract for the construction of the Courtyard Marriott project. On or about September 19, 2007, Weis and Hurley entered into the second subcontract for the construction of the Springhill Suites project.

8. Main and Main is informed and believes that Weis's subcontracts with Hurley required Hurley to cause Weis and Main and Main to be named as additional insureds on the State Farm policy at issue in this action.

9. As alleged in State Farm's complaint, Hurley's subcontract agreements included the following provisions:

> G. [The Subcontractor agrees][t]o save harmless the Contractor, the Owner and all other subcontractors from any and all loss or damage (including without limiting the generality of the foregoing, legal fees and disbursements paid or incurred by the Contractor to enforce the provisions of this paragraph) occasioned by the failure of the Subcontractor to carry out any provision of this Subcontract.
>
> H. To the fullest extent permitted by law, Subcontractor shall defend and indemnify Contractor and Owner . . . from any and all suits or claims alleging damages or injuries to persons or properties, or liabilities resulting therefrom, arising out of, or in any manner connected with Subcontractor's Work, including all suits and claims for which any or all of the indemnified parties, may be or may be claimed to be liable, and including all suits and claims that arise either during construction and or after completion of the project. Subcontractor understands and agrees that this paragraph obligates Subcontractor to defend and indemnify the indemnified parties from all suits and claims that allege negligence or other wrongful conduct on the part of the indemnified parties . . .

**Allegations in the Underlying Lawsuit**

10. Main and Main commenced an action against Weis and Hurley, which is pending in the Circuit Court for the Second Judicial Circuit, Minnehaha County, South Dakota (the "Underlying Action").

11. A true and correct copy of Main and Main's Complaint in the Underlying Action is attached as Exhibit B to State Farm's Complaint, and appears in the record as Document No. 5 (the "Underlying Complaint").

12. Main and Main seeks recourse against Weis and Hurley for damages arising out of building deficiencies and resulting damage under several theories of liability all as set forth in the Underlying Complaint including, breach of express warranty, breach of implied warranty of fitness, breach of contract, negligence, and unjust enrichment.

13. The Underlying Complaint alleges, among other things, the following facts:

a. That numerous areas and locations of loose nails, broken siding corners, cracked siding, and loose siding boards are present at the Hotels. (*See* State Farm Compl. Exhibit B, at ¶ 22, 23).

b. That the problems were due to improper original construction securement of the siding to the substrate. (*See id.*, at ¶ 24).

c. That additional details and a repair estimate from Sands Drywall were provided by Main and Main. (*See id.*, at ¶ 27).

d. That the problems were the result of poor installation by the siding subcontractor Hurley. (*See id.*, at ¶ 36).

e. That the panels were made by CertainTeed, not James Hardie Building Products, Inc. ("James Hardie"), as communicated by Weis and that Weis stated the problems seem inherent in the quality of the panels. (*See id.*, at ¶ 32, 34, 36).

f. That the siding was supposed to be installed to last for an extended number of years and that it would continue to repel rain, snow and wind, that nails would not pop out so as to reduce the effective life of the siding, that siding corners would not be broken, that siding would be aligned, and that the siding would conform to the specifications of the franchisor Marriot, International, Inc. (*See id.*, at ¶ 56).

g. That Hurley installed the siding improperly and that Weis was responsible for the actions of Hurley. (*See id.*, at ¶ 58).

h. That Hurley installed siding on the Hotels by allowing numerous nails to only penetrate the Tyvek and gypsum behind the siding, and not the studs. (*See id.*, at ¶ 78).

**Anticipated Amendments to the Underlying Complaint**

14. Main and Main anticipates amending the Underlying Complaint to include the following additional allegations:

a. That Hurley contracted with one or more lower-tier subcontractors to perform its work on the Hotels;

b. That, as a result of the deficient siding work, the Hotels sustained water intrusion damage to interior components of the Hotels;

c. That, as a result of the water intrusion damage, Main and Main must tear out and replace interior components in certain rooms of the Hotels;

d. That Tyvek and gypsum substrate improperly nailed at locations other than at studs needs to be patched and repaired, and that to patch and repair these concealed areas, the damaged siding must be removed, the improperly nailed areas located and patched, and new siding reinstalled;

e. That the water intrusion damage and deficient siding have interfered with Main and Main's right to occupy and its right to enjoy and use portions of the Hotels for their intended purposes;

f. That the improper siding installation work and resulting damage was accidental and not expected or intended by either Weis or Hurley; and

g. That Hurley must hold Main and Main harmless from any and all loss or damage, including attorneys' fees, because of Hurley's failure to perform its

subcontracts pursuant to the indemnity provisions at G, and H of the subcontracts, as to which Main and Main is an intended third party beneficiary.

15. Under South Dakota law, amendments are liberally granted and Main and Main anticipates advancing its anticipated amendments to the Underlying Complaint with reasonable diligence.

**Coverage under the State Farm Policy**

16. On information and belief, a true and correct copy of a redacted insurance policy procured by Hurley as insured from State Farm as insurer (the "Policy") is attached as Exhibit A to State Farm's Complaint, and appears in the record as Document No. 5. Main and Main's copy has certain redactions as to limits and premiums. On information and belief, the redactions do not alter the basic terms of the Policy.

17. The Policy provides in part:

> **SECTION II ADDITIONAL INSURED ENDORSEMENT**
>
> * * *
>
> Additional Insured … Weis Builders Inc., ... Main & Main LLC
>
> * * *
>
> WHO IS AN INSURED, under SECTION II DESIGNATION OF INSURED, is amended to include as an insured the Additional Insured shown above, but only to the extent that liability is imposed on that Additional Insured solely because of your work performed for that Additional Insured shown above.

18. The Policy further provides:

> **SECTION II COMPREHENSIVE BUSINESS LIABILITY**
>
> * * *



087344\001\5593300.v1

**COVERAGE L — BUSINESS LIABILITY**

We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal and advertising injury to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. This insurance applies only:

1. to bodily injury or property damage caused by an occurrence which takes place in the coverage territory during the policy period;

2. to personal injury caused by an occurrence committed in the coverage territory during the policy period. …

(*See* State Farm Compl. Ex. A.)

19. The Policy further provides:

**SUPPLEMENTARY PAYMENTS**

In addition to the Limit of Insurance, we will pay, with respect to any claims or suit we defend: . . .

4. all reasonable expenses incurred by the insured at our request to assist us in the investigation . . . of the claim or suit, including actual loss of earnings, up to $100 a day because of time off from work;

5. all costs taxed against the insured in the suit;

6. prejudgment interest awarded against the insured on that part of the judgment we pay. . . .

7. all interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

20. Section II of the Policy includes the following pertinent definitions:

8. Insured contract:

a. means: ***

(6) that part of any other contract . . . under which you assume the tort liability of another to pay damages because of . . . property damage to a third person or organization if the contract . . . is made prior to the . . . property damage. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; * * *

12. occurrence means:

a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage; or

b. the commission of an offense, or a series of similar or related offenses, which results in personal injury* * *

13. personal injury means injury, other than bodily injury, arising out of one or more of the following offenses: . . .

c. the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor; * * *

15. products-completed operations hazard:

a. includes all bodily injury and property damage arising out of your product or your work except products that are still in your physical possession or work that has not yet been completed or abandoned. The bodily injury or property damage must occur away from premises you own or rent unless your business includes the selling, handling or distribution of your product for consumption on premises you own or rent.

Your work will be deemed completed at the earliest of the following times:

(1) when all of the work called for in your contract has been completed;

(2) when all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

(3) when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed; * * *

16. property damage means:

a. physical injury to or destruction of tangible property, including all resulting loss of use of that property; or

b. loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property; * * *

22. your work:

a. means:

(1) work or operations performed by you or on your behalf; and

(2) materials, parts or equipment furnished in connection with such work or operations;

b. includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in (1) or (2) above.

(*Id.*, Ex. A.)

21. The Policy excludes coverage "to property damage to your work arising out of it or any part of it and included in the products-completed operations hazard. This

exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." (*Id.*, Ex. A at § II, Comprehensive Business Liability, ¶ 13.)

22. The Policy excludes coverage to "property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages: a. assumed in a contract or agreement that is an insured contract; or b. that the insured would have in the absence of a contract or agreement." (*Id.*, Ex. A at § II, Comprehensive Business Liability, ¶ 2.)

**<u>Coverage under the Policy</u>**

23. One or more portions of the Policy affords coverage for all or a portion of Main and Main's claims against Weis and Hurley.

**<u>Coverage for Occurrence of Property Damage</u>**

24. As set forth in the Underlying Complaint, subject to amendment, Main and Main's claims and damages include, in whole or in part, sums for which Weis and Hurley are legally obligated to pay as damages because of property damage caused by an occurrence, and as to which no exclusions apply.

25. Besides the damaged siding materials, Main and Main's property damage claims include, without limitation, damage to interior components due to water infiltration, and damage to Tyvek and gypsum installed by subcontractors other than Hurley. The damage was accidental and neither expected nor intended by Weis or Hurley. To address the penetrations and damage to the Tyvek and gypsum damaged by the improper nailing,

the siding must be removed to access the Tyvek and gypsum to make repairs. Siding will be further damaged in the removal process and will need to be replaced.

26. The property damage arose out of the products completed operation hazard. The property damage arose out of the work of Hurley's subcontractors including, without limitation, the material supplier who furnished the siding, which Weis has stated was defective. On information and belief, Hurley engaged other subcontractors in furtherance of its work.

27. Moreover, Weis is an additional insured. Main and Main's claims seek property damage in the completed operations hazard arising out of Weis's subcontractor Hurley's work. Because Main and Main claims, in whole or in part, that liability should be imposed on Weis solely because of Hurley's work performed for Weis, the Policy affords coverage for Main and Main's claims.

**<u>Coverage for Contractual Liability</u>**

28. Paragraphs G and H of the Hurley Subcontracts qualify as "insured contracts" pursuant to the terms of the Policy. Main and Main is an express intended third party beneficiary of Paragraphs G and H. Because Hurley assumed the obligation to pay the damages sought by Main and Main in the Underlying Complaint, Main and Main's damages are covered under the "contractual liability coverage" extended by the exception to exclusion 2 to the Policy.

**<u>Coverage for Personal Injury</u>**

29. Main and Main's claims against Weis and Hurley include damages covered by the personal injury coverage afforded by the Policy.

30. Main and Main's right to occupy, use, and enjoy the Hotels has been and will continue to be invaded by numerous deficiencies and resulting damage and repairs necessitated by the deficiencies and damage. All of the work performed by Weis, Hurley, and Hurley's subcontractors at the Hotels was committed on behalf of Main and Main as the owner of the Hotels. However, the deficient work and resulting damages constitutes an occurrence of personal injury for which there is coverage. No exclusions to the personal injury coverage are applicable.

**Coverage for Supplementary Payments**

31. Main and Main's claims are covered in whole or in part by the Supplementary Payments provisions of the Policy. Pursuant to those provisions, Main and Main is entitled to:

a. reasonable expenses incurred by the insured to assist State Farm in its investigation in that Main and Main is an insured (through the additional insured endorsement) and thus Main and Main is entitled to reasonable its expenses plus $100 per day for time off from work;

b. costs taxed against Hurley;

c. prejudgment interest against Hurley; and

d. post-judgment interest against Hurley.

32. The Supplementary Payments coverage applies to any claim that State Farm defends. Because State Farm has defended Main and Main's claims, State Farm's duty to provide coverage under the Supplementary Payments provision has been triggered and cannot be revoked or otherwise canceled.

**COUNT I**
**(Declaratory Judgment)**

33. Main and Main restates and incorporates by reference the preceding allegations as if set forth fully herein.

34. Hurley and Weis are an insured and additional insured, respectively, under the Policy.

35. Main and Main asserted claims covered by the Policy in the Underlying Complaint against Hurley and Weis.

36. The terms and conditions of the State Farm Policy obligates State Farm to defend or indemnify Weis and Hurley with respect to the claims in the Underlying Complaint.

37. Main and Main's claims against Weis and Hurley are covered in whole or in part.

**WHEREFORE**, Defendant Main and Main, LLC requests judgment of the Court as follows:

1. Dismissing State Farm Fire and Casualty Company's Complaint with prejudice and on the merits;

2. Declaring that the terms and conditions of the State Farm Policy obligates State Farm Fire and Casualty Company to cover Main and Main, LLC's claims against Weis Builders, Inc. and Hurley Construction, Inc. in whole or in part consistent with its obligations under the Policy;

3. Awarding Defendant Main and Main, LLC costs, expenses, and disbursements, including attorney's fees; and

4. Awarding Defendant Main and Main, LLC any other relief that the Court deems equitable.

**FABYANSKE WESTRA HART & THOMSON, P.A.**

Date: July 23, 2020

By: *__/s/ Mark R. Becker__*

Mark R. Becker (#387338)
Elise R. Radaj (#0397650)
333 South 7th Street, Suite 2600
Minneapolis, MN 55402
612-359-7600
mbecker@fwhtlaw.com
eradaj@fwhtlaw.com
*Attorneys for Main and Main, LLC*