**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CASE NO. 20-cv-00733**

| | |
|---|---|
| State Farm Fire and Casualty Company,<br><br>Plaintiff,<br><br>v.<br><br>Weis Builders, Inc., Hurley Construction, Inc. and Main and Main, LLC<br><br>Defendants. | Judge Susan Richard Nelson<br>Magistrate Judge Elizabeth Cowan Wright |

**WEIS BUILDERS, INC.'S ANSWER AND COUNTERCLAIM**

Defendant Weis Builders, Inc. ("Weis"), by and through its undersigned counsel, as its Answer to State Farm Fire and Casualty Company's ("State Farm") Complaint in Declaratory Judgment, states and alleges as follows:

1. Weis denies each and every allegation, matter, statement, or thing contained in the Complaint, and each and every part and portion thereof, except as hereinafter specifically admitted.

**PARTIES, JURISDICTION, AND VENUE**

2. Paragraph 1 of the Complaint asserts legal conclusions to which no response is necessary. To the extent that a response may be appropriate, admit.

3. Weis lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 2 and 3 of the Complaint, and therefore denies the same and places State Farm to its strict burden of proof.

4. In response to Paragraph 4 of the Complaint, Weis admits that Weis is a Minnesota corporation with a principal place of business in Minnesota and that Weis is named as an Additional Insured on the State Farm Policy. Weis denies the remaining allegations in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Weis admits that Main & Main is the plaintiff in the underlying action, Main & Main LLC v. Weis Builders, Inc. et al., South Dakota Circuit Court File No. 49CIV18-001708. With respect to the remaining allegations in Paragraph 5 of the Complaint, Weis lacks information sufficient to form a belief as to their truth or falsity, and therefore denies the same and places State Farm to its strict burden of proof.

6. Paragraphs 6 and 7 of the Complaint asserts legal conclusions to which no response is necessary. To the extent a response may be appropriate, Weis lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 6 and 7 of the Complaint, and therefore denies the same and places State Farm to its strict burden of proof.

## **FACTUAL BACKGROUND**

7. Weis admits the allegations in Paragraph 8 of the Complaint.

8. In response to Paragraph 9 of the Complaint, Weis admits the allegations that the claims in the Underlying Complaint arise out of work performed in connection

with the construction of two hotels, a Courtyard by Marriott located at 4300 West Empire Place, Sioux Falls, South Dakota 57106, and a Springhill Suites. Weis denies the allegation as to the address of the Springhill Suites.

9. Weis admits the allegations in Paragraphs 10 and 11 of the Complaint.

10. Weis denies the allegation in Paragraph 12 of the Complaint.

11. In response to Paragraph 13 of the Complaint, Weis admits that Main & Main has alleged that the Hotels sustained hail damage during a June 9, 2014 hail event. With respect to the remaining allegations in Paragraph 13 of the Complaint, Weis lacks information sufficient to form a belief as to their truth or falsity, and therefore denies the same and places State Farm to its strict burden of proof.

12. Weis lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 14 and 15 of the Complaint, and therefore denies the same and places State Farm to its strict burden of proof.

13. In response to Paragraphs 16 and 17 of the Complaint, Weis admits only that Main & Main made the referenced allegations in the Underlying Complaint.

14. Weis lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint, and therefore denies the same and places State Farm to its strict burden of proof.

15. Upon information and belief, Weis admits the allegations in Paragraph 19 of the Complaint.

16. In response to Paragraph 20 of the Complaint, Weis admits only that Main & Main made the referenced allegation in the Underlying Complaint.

17. Weis admits the allegation in Paragraph 21 of the Complaint.

18. In response to Paragraph 22 of the Complaint, Weis admits that, on or about September 14, 2017, Weis's counsel spoke with Main & Main's counsel. Weis further admits that Main & Main has alleged that Weis's counsel promised to "make good" on the allegedly incorrectly installed panels, but Weis specifically denies the veracity of Main & Main's allegations that it promised to "make good" or admitted that the panels were installed incorrectly. Weis admits the allegation in Paragraph 22 of the complaint that Main & Main's Underlying Complaint alleges that the allegedly incorrectly installed panels were not corrected, but Weis denies any implication that Weis was liable for any alleged improper installation or otherwise obligated to perform any corrective work in connection therewith.

19. In response to Paragraphs 23 and 24 of the Complaint, Weis admits that the Underlying Complaint alleges the referenced causes of action and seeks the referenced alleged damages, but Weis specifically denies that Weis has any liability to Main & Main under the alleged causes of action or otherwise for any amount of damages, and denies that Main &Main has incurred the damages alleged.

20. Weis lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 25 through 31 of the Complaint, and therefore denies the same and places State Farm to its strict burden of proof, noting that the language of the subject insurance policy speaks for itself.

21. In response to Paragraph 32 of the Complaint, Weis admits that it entered into a subcontract agreement with Hurley relating to each Hotel. With respect to the

remaining allegations in Paragraph 32, Weis asserts that the referenced documents speak for themselves, and Weis denies the allegations to the extent they may be inconsistent with the referenced documents.

22. Weis admits the allegations in Paragraph 33 of the Complaint.

23. Weis lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint, and therefore denies the same and places State Farm to its strict burden of proof.

24. In response to Paragraph 35 of the Complaint, Weis admits only that Main & Main granted Weis an indefinite extension to answer the Complaint, and that Hurley has not served discovery requests on the other parties in the Underlying Action. Weis denies all remaining allegations of Paragraph 35 of the Complaint.

25. Weis admits the allegation in Paragraph 36 of the Complaint.

26. Weis lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint, and therefore denies the same and places State Farm to its strict burden of proof.

27. Paragraphs 38 and 39 of the Complaint assert legal conclusions to which no response is required. To the extent a response may be appropriate, Weis asserts that the language of the subject insurance policy speaks for itself, and denies the allegations to the extent they may be inconsistent with the policy language. Weis further denies State Farm's allegations that State Farm is not obligated to defend or indemnify Weis under the subject insurance policy.

28. Upon information and belief, Weis admits the allegations in Paragraph 40 of the Complaint.

29. Paragraphs 41 and 42 of the Complaint assert legal conclusions to which no response is required. To the extent a response may be appropriate, Weis denies State Farm's allegation that State Farm is not obligated to defend or indemnify Weis in the Underlying Action.

30. Paragraphs 43 through 47 of the Complaint assert legal conclusions to which no response is required. To the extent a response may be appropriate, Weis asserts that the language of the subject insurance policy speaks for itself, and denies the allegations to the extent they may be inconsistent with the policy language. Weis further denies State Farm's allegations that State Farm is not obligated to defend or indemnify Weis under the subject insurance policy.

31. Upon information and belief, Weis admits the allegations in Paragraph 48 of the Complaint.

32. Paragraphs 49 and 50 of the Complaint assert legal conclusions to which no response is required. To the extent a response may be appropriate, Weis denies State Farm's allegation that State Farm is not obligated to defend or indemnify Weis in the Underlying Action.

## COUNT ONE
## DECLARATORY RELIEF

33. In response to Paragraph 51 of the Complaint, Weis incorporates by reference its responses to Paragraphs 1 through 50 of the Complaint.

34. In response to Paragraph 52 of the Complaint, upon information and belief, Weis admits State Farm's characterization of the determination State Farm seeks in its Complaint, but Weis denies that the determination State Farm requests is correct under the law and the language of the subject insurance policy.

35. Paragraph 53 states a legal conclusion to which no response is required. To the extent a response may be appropriate, Weis denies the allegations in Paragraph 53.

36. Weis denies that State Farm is entitled to the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

Weis asserts the following Affirmative Defenses to preserve them pending further investigation and discovery:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint or Plaintiff's requested relief may be barred in whole or in part by the terms, conditions, exclusions, definitions, declarations, endorsements, and limitations of the subject insurance policy.

3. Weis is entitled to a defense and indemnification in the Underlying Action from State Farm as an additional insured under the subject insurance policy.

4. Weis is entitled to a defense and indemnification in the Underlying Action from State Farm based on the subcontract agreements between Weis and Hurley.

5. Exclusion 13 does not exclude coverage in the Underlying Action to the extent that any alleged damages arises out of work performed by a subcontractor.

6. Plaintiff's claim or requested relief may be barred by the terms of any contract.

7. Any ambiguities in the subject insurance policies must be construed against the insurer and in favor of the insured.

8. Plaintiff's requested relief may be barred under the doctrines of waiver, estoppel, laches, or unclean hands.

9. Plaintiff may have failed to join indispensable parties.

10. In order to preserve the defenses pending further investigation and discovery, Weis hereby incorporates by reference all affirmative defenses required to be asserted under the Federal Rules of Civil Procedure.

11. Weis reserves the right to rely on any additional affirmative defenses revealed through further investigation or discovery.

## COUNTERCLAIM

Defendant Weis Builders, Inc. ("Weis"), by and through its undersigned counsel, as its Counterclaim against State Farm Fire and Casualty Company ("State Farm"), states and alleges as follows:

1. Weis hereby incorporates by reference all paragraphs of its Answer to the Complaint and its Affirmative Defenses, stated above in the proceeding paragraphs, as if fully set forth herein.

2. Main & Main, LLC ("Main & Main") commenced a lawsuit against Weis and against Hurley Construction, Inc. ("Hurley") entitled *Main & Main, LLC v. Weis*

*Builders, Inc., et al.*, which is currently pending as South Dakota Circuit Court File No. 49CIV18-001708 (the "Underlying Action").

3. The Underlying Action arises out of work performed in connection with the construction of two hotels in Sioux Falls, South Dakota: a Courtyard by Marriot located at 4300 West Empire Place, and a Springhill Suites located at 4304 West Empire Place. Weis served as the general contractor for construction of the Hotels pursuant to a contract with Main & Main.

4. Weis entered into two Subcontract Agreements with Hurley under which Hurley served as Weis's siding subcontractor for the Hotels.

5. In Hurley's Subcontract Agreements with Weis, Hurley agreed to defend, indemnify, and hold harmless Weis for damages "from any and all suits and claims alleging damages or injuries to persons or property, or liabilities resulting therefrom, arising out of, or in any manner connected with [Hurley's] work."

6. State Farm issued to Hurley a State Farm Contractors Policy, Policy No. **-**-*654-9, effective February 24, 2006 to February 24, 2009 (the "State Farm Policy").

7. Weis is named as an Additional Insured on the State Farm Policy.

8. As an Additional Insured, Weis is an insured under the State Farm Policy to the full extent that liability is imposed on Weis because of Hurley's work performed for Weis, including Hurley's full scope of work under Hurley's subcontracts with Weis.

9. The State Farm Policy provides Comprehensive Business Liability Coverage and includes the following coverage grant:

**SECTION II COMPREHENSIVE BUSINESS LIABILITY**
*** 
**COVERAGE L – BUSINESS LIABILITY**

> We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal and advertising injury** to which this insurance applies. . . . This insurance applies only:
> 1. to **bodily injury** or **property damage** caused by an **occurrence** . . . .

10. Main & Main's complaint in the Underlying Action alleges damages including physical damage to siding panels allegedly caused by work which Main &Main alleges was performed improperly by Weis, Hurley, or a subcontractor of Weis or Hurley.

11. Weis has denied any and all liability in connection with the allegations in the Underlying Action.

12. The allegations in Main & Main's Complaint constitute allegations of property damage caused by an occurrence taking place in the coverage territory during the policy period, falling within the scope of coverage under the State Farm Policy.

13. Although the State Farm Policy excludes certain "**property damage** to **your work** arising out of it", "This exclusion does not apply if the damaged work or the work out of which the damage arises was performed by a subcontractor . . . ."

14. However, investigation and discovery in the Underlying Action have yielded evidence that the work out of which Main & Main's alleged damages allegedly arise was performed by a subcontractor or subcontractors hired by Hurley.

15. Because the work allegedly giving rise to Main & Main's alleged damages was performed by a subcontractor and not by Hurley or Weis, the "your work" exclusion

does not apply, and the State Farm Policy provides coverage to Weis for the damages alleged in the Underlying Action.

## COUNT I: DECLARATORY JUDGMENT

16. Weis incorporates by reference Paragraphs 1 through 14 of its Counterclaim against State Farm as if fully set forth herein.

17. An actionable controversy exists between Weis and State Farm concerning State Farm's obligations under the State Farm Policy, which merits a determination of the rights and obligations of the parties by this Court pursuant to the Declaratory Judgment Act.

18. Weis seeks a judicial declaration that State Farm is under a continuing duty to defend Weis against the allegations in the Underlying Complaint.

19. Additionally, Weis seeks a judicial determination and declaration that State Farm is obligated to indemnify Weis for the full amount Weis may be required to pay Main & Main in the Underlying Action, if any.

20. In the alternative, Weis seeks a judicial determination and declaration that State Farm is obligated to indemnify Weis for the full amount Weis may be required to pay Main & Main in the Underlying Action, to the extent that such amount is found to have arisen out of work performed in whole or in part by a subcontractor.

**WHEREFORE,** Weis demands a judgment:

1. dismissing State Farm's Complaint and all claims against Weis with prejudice, and denying all relief requested therein;

2. declaring that State Farm is obligated to indemnify Weis in the full amount Weis is required to pay Main & Main in the Underlying Action; or, in the alternative, declaring that State Farm is obligated to indemnify Weis for the full amount Weis is required to pay Main & Main in the Underlying Action, to the extent that such amount is found to have arisen out of work performed in whole or in part by a subcontractor;
3. awarding Weis its costs and disbursements in this matter to the fullest extent allowed by law; and
4. granting Weis such other and further relief as the Court deems just and equitable.

**FISHER BREN & SHERIDAN LLP**

Date: 7/23/2020

s/ Bradley D. Fisher

Bradley D. Fisher, #219356
Amy M. Sieben, #326021
920 Second Avenue South, Ste. 975
Minneapolis, MN 55402
612-332-0100
bfisher@fisherbren.com
asieben@fisherbren.com

*Attorneys for Weis Builders, Inc.*